[Cite as *State v. Ford*, 2011-Ohio-5203.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 11-CA-26 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-863 |
| v. | : | |
| | : | |
| MICHAEL FORD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the 7th day of October, 2011.

. . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

CHRIS TILL, Atty. Reg. #0086486, Post Office Box 723, Yellow Springs, Ohio 45387
     Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1}   Michael Ford appeals from his conviction and sentence following guilty pleas to one count of rape and two counts of gross sexual imposition. Following the guilty pleas, the trial court imposed maximum and consecutive prison terms totaling twenty years.

{¶ 2}   In his sole assignment of error, Ford contends the trial court committed plain

error by imposing three consecutive prison terms without making factual findings to justify consecutive sentences.

{¶ 3} Ford relies on R.C. 2929.14(E)(4), which, prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, required judicial fact-finding before a trial court could impose consecutive sentences. In *Foster,* the Ohio Supreme Court declared R.C. 2929.14(E)(4) unconstitutional and severed it from the Revised Code.  Ford contends, however, that the Supreme Court subsequently found fact-finding, as required by  R.C. 2929.14(E)(4), to be constitutional in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. As a result of *Hodge*, Ford contends the fact-finding requirements of R.C. 2929.14(E)(4) once again were applicable to the trial court. Here,  the trial court did not engage in fact-finding under R.C. 2929.14(E)(4), but his attorney did not object. Thus, Ford contends, as he must, that the absence of judicial fact-finding constituted plain error.

{¶ 4} Upon review, we find no error, much less plain error, in the trial court's failure to make factual findings to support consecutive sentences. Contrary to Ford's argument, *Hodge* did not resurrect the fact-finding requirement of R.C. 2929.14(E)(4). The primary issue before the Ohio Supreme Court in *Hodge* was whether the United States Supreme Court's ruling in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, automatically revived R.C. 2929.14(E)(4) even though *Foster* had declared the provision unconstitutional. The Ohio Supreme Court answered this question in the negative. In so doing, it made clear that R.C. 2929.14(E)(4) remained unconstitutional and imposed no fact-finding obligation on Ohio's trial courts.

{¶ 5} *Hodge*'s syllabus is dispositive of the issue before us. It states:

**{¶ 6}** "1. The jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. (*Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, construed.)

**{¶ 7}** "2. The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

**{¶ 8}** "3. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."

**{¶ 9}** Paragraph three of the syllabus refutes Ford's argument that *Hodge* obligated the trial court to make factual findings under R.C. 2929.14(E)(4). When the trial court sentenced Ford in April 2011, the General Assembly had not yet enacted new legislation requiring fact-finding before consecutive sentences could be imposed.[1] As a result, the trial court had no obligation to make such findings.

**{¶ 10}** Ford's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

· · · · · · · · · · · · ·

FAIN and DONOVAN, JJ., concur.

---

[1] We note that the General Assembly recently enacted new legislation requiring fact-finding for consecutive sentences. See Am.Sub.H.B. No. 86. This legislation, which has an effective date of September 30, 2011, was not applicable to Ford.

Copies mailed to:

Andrew R. Picek
Chris Till
Michael Ford
Hon. Douglas M. Rastatter